## SUPREME COURT.

WILLIAM G. TRAIN and others agt. CHARLES S. BROWN.

The *finding of a referee*, on a question of *fact*, where the evidence is conflicting, is, as a general rule, conclusive.

Where the question in litigation was, whether a bill of goods, which the plaintiffs sought to recover, was sold and charged to the defendant, or to another person, *held* that the defendant had a right to ask the question of a witness "against whom was the account made out?" notwithstanding all the plaintiffs' books were produced in court as evidence.

*New York General Term, December*, 1860.

SUTHERLAND, ALLEN and BONNEY, *Justices*..

THE question in this case was, whether the outfit and sup-plies furnished by the plaintiffs for the bark Valetta, and which it was admitted were actually used for the bark, were bought by Ingalls & Shepard, or by the defendant. Part of the goods were sent by plaintiffs to Ingalls & Shepard, the builders, at Sullivan, Maine; part were delivered to rig-gers in Boston, and part were delivered to the vessel while lying in the city of Boston. The question on the trial before the referee was, whether the defendant or Ingalls & Shepard made the contract of purchase with the plaintiffs. Did the plaintiffs sell the goods and give credit for the same to Ingalls & Shepard, or to the defendant?

G. T. JENKS, *for appellant.*

T. C. T. BUCKLEY, *for respondents.*

By the court, SUTHERLAND, Justice. The testimony which was given before the referee on this question was very con-tradictory; and being a question of fact, his finding on the question must be held to be conclusive.

The general rule is, that the court will not review the finding of a referee on a question of fact, where the evidence is conflicting.

But various rulings of the referee as to the admissibility of evidence are alleged by the defendant to have been erro-neous, and he asks for a new trial on that ground.

The most important question of this kind is presented by the exceptions of the defendant to the rulings of the referee as to the admissibility of certain evidence to show that at a certain time the books of the plaintiff contained an account by which the goods were charged to Ingalls & Shepard and not to the defendant.

Ingalls, who was sworn as a witness on the part of the defendant, testified that at a certain time, he called upon

the plaintiffs at their office in Boston, for the footings of the bark's bills, and that Phipps (one of the plaintiffs) opened a book which he (witness) took to be a ledger, and footed up the account in his presence, and gave him the amounts on a slip of paper.

The defendant then substantially offered to prove by the witness that, by the account in the book which he saw, the goods were charged to Ingalls & Shepard and not to Brown the defendant. The referee excluded the evidence, it being admitted that the plaintiffs had been duly notified to produce the books, and the plaintiffs stating that the books were then on their way to the place of trial; and asking that the examination of the witness be suspended until the books arrived. The examination of the witness was suspended until the following Monday, when the plaintiffs produced certain books, as their ledger, sales-book or day-book, memorandum or order book. The examination of the witness Ingalls, being then resumed, he was asked to look at the books produced and point out the one examined by himself and Phipps at the time he had spoken of. The witness selected the ledger and said he thought that was the one. He was then asked to look at page 117, and say if he had seen that account before. The witness said that was not the account he saw. He was then asked to look at the sales-book. He said he did not recognize the account he saw. He was then asked and answered several questions about the account he saw, which it is not important to specify particularly; and was then asked this question— "Against whom was the account made out?" The plaintiffs objected to this question as asking for the contents of the books, when the books were present. The referee overruled the question and the defendant excepted.

I think the witness should have been permitted to answer the question, and that the referee erred in overruling it.

Considering the question being litigated between the parties, it was of course material to the defendant to show

that the plaintiffs had in their books charged the goods to Ingalls & Shepard, and not to the defendant; at all events to show to whom they had charged the goods. The production of the books, and the testimony of Train, that the books produced were all the books of the plaintiff, certainly did not estop the defendant from showing that at a certain time there was an account in one of their books by which the goods were charged to Ingalls & Shepard, and not to the defendant.

The defendant certainly was not bound by the production of the books, so that he could not show that there were other books; or that the account at page 117 of the ledger produced was at one time without the name of the defendant at its heading.

If Ingalls had sworn that by the account which he saw the goods were charged to Ingalls & Shepard, and not to the defendant, the referee might not have believed him, or might have supposed that he was mistaken; but that does not affect the question of the admissibility or pertinence of the evidence.

Without examining any other exception taken by the defendant, I think that the judgment should be reversed and a new trial ordered, on the ground that the question to Ingalls was improperly overruled.